UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DANIEL ALLEN DRENTH,

           Debtor.

_____/

Case No. 15-04217
Hon. Scott W. Dales
Chapter 7

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                      Chief United States Bankruptcy Judge

Daniel Allen Drenth (the "Debtor") filed a voluntary petition for relief under chapter 7 on July 25, 2015, with the help of his sister, Carol Ruth James, and bankruptcy counsel, John Dodson, Esq. Because the Debtor suffers from "dementia-related cognitive impairment and psychosis," he also filed a motion for an order excusing him from completing the prepetition credit counseling requirement under 11 U.S.C. § 109(h) (the "Motion," DN 6).  The Motion includes as an exhibit an excerpt from the Debtor's psychological assessment.

After reviewing the Motion, the court set it for a hearing and directed interested parties to be prepared to discuss whether, given the Debtor's alleged impairment, the court should appoint a guardian *ad litem* ("GAL") or enter some other order to protect the Debtor as contemplated in Rule 1004.1.  On September 2, 2015, in Grand Rapids, Michigan, the court held a hearing to consider the Motion and the possible appointment of a GAL. The Debtor, Mr. Dodson, Ms. James, chapter 7 trustee Jeff A. Moyer, and the United States Trustee's trial attorney, Michelle Wilson, Esq., all appeared.

Ms. James testified about her brother's condition based upon her close observance of him. She described an episode at a grocery store that demonstrated his limited ability to understand his

financial and other affairs, which she described as "very simplistic, yet unkempt." *See* Transcript of Hearing Held Sept. 2, 2015 (hereinafter "Tr.," DN 18) at p. 15:13-14.  She also described her role in preparing his petition based upon a Durable Power of Attorney dated Feb.13, 2011 (attached to the Motion and offered for admission at the hearing without objection), and the steps she took to gather his financial information by visiting his former residence and reviewing his files and other papers there.  Her credible testimony persuaded the court that her brother should be excused from completing the prepetition credit counseling and, for that matter, post-petition financial management program described in §§ 109(h), 111, and 727(a)(11).  Neither the United States Trustee nor the panel trustee opposed the Motion.

At the conclusion of Ms. James's testimony, and after argument from counsel, the court announced its intention to grant the Motion, finding that the Debtor's cognitive impairment qualified him for an exemption under §109(h)(4).  As for whether to appoint a GAL, the court took that issue under advisement.

In considering whether to appoint a GAL, the court begins with the premise that any party in interest, including a debtor, may "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy,"[1] and that nothing in the Bankruptcy Code imposes upon a debtor a requirement of competency as a condition for relief. *See In re Myers*, 350 B.R. 760 (Bankr. N.D. Ohio 2006) (appointing aged debtor's long-time spouse as next friend, *nunc pro tunc*).  Although proceeding with the assistance of a relative or attorney-in-fact presents potential for mischief and perhaps practical problems, especially in connection with statements under oath

---

[1] *See* Fed. R. Bankr. P. 9010(a).  Although the petition (as filed) contains the Debtor's electronic signature, his counsel agreed to file a copy of the original petition reportedly signed by the Debtor's sister as his attorney-in-fact.

(like those made on the schedules and during the creditor's meeting),[2] the Debtor's case is not the first to be conducted through agents.

As noted above, because the Motion is premised on the Debtor's mental incapacity, the court *sua sponte* inquired whether the Debtor's incapacity within the meaning of § 109(h) might also suggest incompetency, within the meaning of Rule 1004.1. Courts, in general, are required to protect infants and incompetents, and the bankruptcy court is no exception: "The court shall appoint a guardian *ad litem* for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor." Fed. R. Bankr. P. 1004.1. The requirement, however applies with less rigor if "an infant or incompetent person has a representative, including a general guardian, committee, conservator, *or similar fiduciary . . .*" *Id.* (emphasis added).

Based upon the Durable Power of Attorney (which the Debtor executed and acknowledged in 2011), the Debtor's sisters are his attorneys-in-fact, which under state law imposes fiduciary duties upon them in connection with their actions as his agents. *See In re Conant Estate*, 343 N.W.2d 593 (Mich. Ct. App. 1983) (noting fiduciary duty of attorney-in-fact under general power of attorney); *see also* M.C.L. § 700.5501(4) (imposing fiduciary duty upon attorney-in-fact under durable power of attorney document executed on or after Oct. 1, 2012). The fact that the attorneys-in-fact were not formally appointed by a court does not mean that the Debtor lacks a representative or "similar fiduciary" within the meaning Rule 1004.1; judicial appointment of the representative would be helpful, but is not crucial. *Cf. Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F.Supp.2d 1001, 1006 (W.D. Mich. 1998) (parent, not appointed as guardian by any court, may sue on behalf of minor, as "general guardian"); *In re Murray*, 199 B.R. 165, 173 (Bankr.

---

[2] *See In re Matthews*, 516 B.R. 99 104 (Bankr. N.D. Tex. 2014).

M.D. Tenn. 1996) (minor-debtor's mother may act as next friend in chapter 13 case without formal appointment).

Indeed, Michigan law regards a durable power of attorney as a possible alternative to the appointment of a full guardian, perhaps because this simple and cost-effective device can solve some of the same problems addressed in a more formal guardianship proceeding. *See* M.C.L. § 700.5303(2).

Moreover, the Debtor has legal counsel, and is certainly represented to that extent and in that respect. *See Ruppert v. Secretary of U.S. Dep't of Health and Human Serv.*, 671 F. Supp. 151, 172 (E.D.N.Y. 1987), *aff'd in part, rev'd in part on other grounds*, 871 F.2d 1172 (2d Cir. 1989).[3]

During the hearing, the United States Trustee argued that the appointment of a GAL was unnecessary in the present case, and the Debtor's counsel concurred.  Both pointed to the assistance the Debtor's sister has offered and will continue to offer to the Debtor as he prosecutes his case.

As noted above, the court credits Ms. James's testimony about the role she played in getting a handle on her brother's financial affairs and arranging for the filing of the petition. Notwithstanding the suspicions of the panel Trustee about the sisters' motives,[4] the court perceived in the current record no basis to ascribe any motive other than a desire to assist a brother who now resides in a nursing facility and is suffering from dementia. Moreover, according to the credible

---

[3] The court acknowledges that an attorney-at-law and a guardian *ad litem* play different roles in a legal proceeding. *See Noe v. True*, 507 F.2d 9, 11-12 (6th Cir. 1974) ("While it would not be at all improper for the court, upon consideration, to appoint the child's attorney as her guardian *ad litem*, the mere presence of an attorney representing her in the action is insufficient of itself to protect her personal interests in the action."); *see also* 6A Wright, Miller & Kane, § 1570, p. 672-73 (Thompson Reuters 2010) (*citing McCaslin by McCaslin v. Radcliff,* 168 F.R.D. 249 (D. Neb. 1996), *aff'd without opinion*, 141 F.3d 1169 (8th Cir. 1998), for proposition that legal counsel is not equivalent to guardian *ad litem*).  Nevertheless, the fact that the Debtor has legal counsel provides a significant level of protection, especially when coupled with the Debtor's other fiduciaries. Without more, the panel trustee's inferences and suspicions about the Debtor's sisters' motives do not compel a different conclusion at this time.

[4] These suspicions prompted the panel trustee during the hearing to make an oral motion to dismiss the case based on bad faith, which the court denied for a variety of reasons, including inadequate notice. *See* Fed. R. Bankr. P. 2002(a)(4). Nothing in this Order is intended to resolve any future dismissal motion.

testimony of Ms. James, the Debtor and both of this attorneys-in-fact concurred in the decision to file the petition. *See* Tr. at 12:21-25 & 13:19-23.

In view of the testimony, and given the representations from the United States Trustee and the Debtor's counsel about the lack of any need to appoint a GAL, the court finds that the Debtor is adequately represented in this proceeding. Because the Debtor has the assistance of his sisters as his attorneys-in-fact, and Mr. Dodson as his attorney-at-law, the court, on the present record, will not appoint a GAL.

For the sake of the record, however, the court will require the Debtor's counsel to file the original petition which allegedly bears the signature of Ms. James in her representative capacity, and any schedules or other statements she or her sister may have signed as her brother's agent in connection with this case. *See In re Hurt,* 234 B.R. 1, 2–3 (Bankr.D.N.H.1999) (the petitions and schedules must reflect that they were executed by the non-debtor in his representative capacity and a copy of the power of attorney must be filed with the petition).

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

(1) the Motion (DN 6) is GRANTED;

(2) the Debtor's counsel shall file the original petition, the power of attorney document, and any schedules or other statements that any of the Debtors' attorneys-in-fact signed on his behalf, within 7 days after entry of this Order; and

(3) the Debtor's counsel shall serve this Order upon the Debtor and his two attorneys-in-fact, and file proof of such service.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John Dodson, Esq., Jeff A. Moyer, Esq., and Michelle Wilson, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 10, 2015**



Scott W. Dales
United States Bankruptcy Judge